## MERCHAND & Co v. COOK et al.

A defendant called upon as a witness by the opposite party, may, under the Code, testify to facts affecting himself, but not to facts calculated to transfer the liability from himself to the separate property of his co-defendants.

In an action for a mechanics' lien on a running account for materials furnished during the progress of the improvement, in the absence of proof to the contrary, the date of the last item in the account will be regarded as "the time payment should have been made," in order to bring the account within the one year limited by the Code.

### Appeal from Des Moines District Court.

*Opinion by* GREENE, J. Petition for a mechanics' lien filed by Lyman Cook & Co., against A. Martin and G. W. Merchand & Co., for materials furnished to said Martin in the construction of a "still-house." The materials were charged in book account, commenced more than one year before the petition was filed, but continued till about six months before suit.

Judgment against Martin, and a mechanics' lien against the property, which had been sold by Martin to Geo. W. Merchand & Co.

On the trial the plaintiff offered Martin as a witness to establish plaintiff's right to a lien on the property. To this testimony, Merchand & Co. objected, but the court overruled the objection and permitted the defendant to testify. It is claimed that this ruling is justified by the Code, § 2390, which provides that "a person who has a direct, certain, legal interest in a suit, is not a competent witness, unless called on for that purpose by the opposite party." As the witness in this case was called on by the opposite party, it is urged that he was competent. It must be conceded that he was competent to testify against himself, or as between himself and the plaintiff, but we think he was not competent, either under the Code or at common law, to transfer the liability from himself upon the property of a third

Merchand & Co. v. Cook.

party. The record shows that the claim for materials was against Martin alone. He might therefore be properly called upon by the plaintiff to establish his own indebtedness for the materials, or to establish a lien against his own property, but not to shift that liability from himself upon others. The effect of his testimony was to fix his own liability upon the property of Merchand & Co.; thus compelling them to pay his debt. Under this effect of his testimony, Merchand & Co. were as much the "opposite party" as Cook & Co., and consequently Martin could not be a competent witness unless "called on for that purpose" by Merchand & Co., as well as by Cook & Co. So far as his testimony operated to fasten the liability upon himself, it was legitimate. The judgment rendered against Martin individually, appears without error, and only that portion of the judgment which established a lien upon the property of Merchand & Co., is reversed.

It is claimed that the plaintiff below can only recover for articles furnished within one year from the commencement of the suit. The Code, § 984, limits the action to "within one year from the time payment should have been made, by virtue of the contract under which the lien is claimed." The papers in the case show that there was a running account continued during the prrogress of the improvement. There is nothing of record to show that "payment should have been made on any item of the account before the last item was furnished." The petition, the account, and the nature of the transaction, so far as it can be ascertained from the record, show that it was a continuous dealing, under contract for the materials; that the amount was incomplete, and not demanded or claimed as due, till the last item was furnished. Under such a continuous account for materials furnished as wanted for the improvement, we do not think each item should be regarded as a separate cause of action. The very nature of the transaction—the fact that the materials were furnished from time to time on book account without payment—shows.

that there was an understanding between the parties that a credit of some time was to be granted to the purchaser; and from the circumstances, it may fairly be inferred that the time did not expire before the last item was furnished. We think the record in the case, aside from proof *aliunde*, can justify no other conclusion. In this particular, the court below ruled correctly ; but as an interested witness was admitted to establish the lien, the judgment, so far as it creates the lien, is reversed, and the cause remanded for a trial *de novo*.

Judgment reversed.

*Starr* and *Phelps*, for plaintiff in error.

*J. C. Hall*, for defendant.